IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENAWE MEHARI, | No C-08-5032 TEH (PR) |
|     Petitioner, | |
|     v. | ORDER OF DISMISSAL |
| KEN CLARK, WARDEN, | |
|     Respondent. | (Doc. #s 3 & 4) |
| _____/ | |

Petitioner, a state prisoner incarcerated at California State Prison, Corcoran, has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court. He also seek leave to proceed in forma pauperis under 28 U.S.C. § 1915.

I

On January 11, 2005, Petitioner pled no contest to attempted murder, forcible rape, and driving in willful or wanton disregard for the safety of others while fleeing from a pursuing officer. Petitioner also admitted to a firearm use enhancement

associated with the attempted murder and forcible rape counts.  On May 3, 2005, pursuant to a joint stipulation, the court sentenced Petitioner to 25 years in state prison.

On December 17, 2007, this Court dismissed without prejudice Petitioner's prior Petition for Writ of Habeas Corpus challenging the constitutionality of his state court convictions on the grounds that he had not exhausted any of his claims in the California Supreme Court.  See Case No. C-07-6005-TEH, Doc. # 3. Petitioner now seeks federal habeas corpus relief on the ground that his no contest plea to attempted murder exposed him only to the middle term sentence of seven years and that the imposition of the upper term sentence of nine years, without his admission of any aggravating facts or waiver or jury trial rights, violated his Sixth and Fourteenth Amendment rights under Cunningham v. California, 549 U.S. 270, 293 (2007) (holding that California's Determinate Sentencing Law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence); see also Blakely v. Washington, 542 U.S. 296, 310 (2004) ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.").

Petitioner alleges he filed Petitions for a Writ of Habeas Corpus in Alameda County Superior Court, the California Court of Appeal, and the California Supreme Court, and that they all were denied.  Doc. # 1 at 4-5.  This Court, however, has searched the California Appellate Courts Case Information System and has found no record of any Petition filed in either the California Court of

Appeal or California Supreme Court.

**II**

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal Petition for Writ of Habeas Corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b) & (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Because it appears that Petitioner has not presented any of his claims to the California Supreme Court, he has not exhausted his state court remedies. As such, the Petition must be dismissed. See Rose v. Lundy, 455 U.S. 509, 510 (1982).

3

**III**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (Doc. #s 3 & 4) is GRANTED.

2. The Petition is DISMISSED WITHOUT PREJUDICE to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the California Supreme Court.

The Clerk is directed to close the file and terminate any pending motions as moot.

IT IS SO ORDERED.

DATED   04/03/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\Mehari-08-5032-dismiss-exhaustion.wpd

4